IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDIENCEVIEW TICKETING CORPORATION, <br> *Plaintiff* <br><br> v. <br><br> TICKET CENTER, INC. dba TICKET CENTER OF PUERTO RICO <br> *Defendant* | Case No.: 25-cv-6696 <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff AudienceView Ticketing Corporation ("AudienceView" or "Plaintiff"), by and through its undersigned counsel, states the following in support of its Complaint against Defendant Ticket Center, Inc. dba Ticket Center of Puerto Rico ("TCPR" or "Defendant").

## NATURE OF THE ACTION

This is a straightforward action for breach of contract, account stated, and, in the alternative, unjust enrichment arising out of Defendant's undisputed failure to pay for ticketing-software services it agreed to purchase exclusively from Plaintiff for a six-year term. Defendant executed a written Order Form and expressly incorporated Terms and Conditions (collectively, the "Agreement"), then refused to pay invoiced amounts and repudiated its contractual obligations. Plaintiff seeks monetary damages of at least six hundred sixty thousand dollars ($660,000), plus accrued and accruing service-fee installments, prejudgment interest, fees, costs, and any further relief the Court deems just and proper.

1

## PARTIES

1. Plaintiff AudienceView is a corporation organized under the laws of Canada with its principal place of business at 200 Wellington Street West, 2nd Floor, Toronto, Ontario, Canada M5V 3C7.

2. Defendant Ticket Center, Inc. is a corporation organized under the laws of the Commonwealth of Puerto Rico with its principal place of business at 525 Avenida F.D. Roosevelt, San Juan, Puerto Rico 00918. Defendant does business as Ticket Center of Puerto Rico through the website tcpr.com. Defendant's Registered Agent is Alberto Grau Pelegrí, Urb Colimar, Calle Baldorioty # 61, Guaynabo, Puerto Rico, 00969 & PO Box 363421, San Juan, Puerto Rico, 00936-3421

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between a citizen of a State or territory (Puerto Rico is treated as a "State" for purposes of diversity) and a citizen or subject of a foreign state (Canada).

4. Personal Jurisdiction and Venue proper in this District because, pursuant to Section 8.9 of the Agreement, Defendant expressly and irrevocably attorned to the jurisdiction of the courts in New York City, New York for the conduct of any legal proceedings under or related to the Agreement. By this provision, Defendant has consented to the jurisdiction and venue of this Court for all matters arising out of or relating to the Agreement. Moreover, Defendant regularly transacts business in New York, including but not limited to the sale of tickets to New York-based buyers.

## BACKGROUND

### The Agreement

5.  On or about January 9, 2024, the parties executed Order Form No. 00030483, dated December 18, 2023, by which Defendant agreed (i) to license and exclusively utilize AudienceView's cloud-based "AudienceView Unlimited" ticketing solution and "Spotlight" mobile application, and (ii) to pay fixed annual subscription fees of $110,000 per year in quarterly installments for an initial six-year term (January 9, 2024 through January 8, 2030).

6.  The Order Form expressly incorporated by hyperlink AudienceView's Terms and Conditions (the "Terms"), which provided, among other things, that Service Fees are "non-cancelable," "not subject to refund," and "will be timely paid." A copy of the Agreement and Terms is attached as **Exhibit A**. A copy of the most recent statement of account is attached as **Exhibit B**.

7.  Section 2.3 of the Terms imposes a contractual late-payment charge of 1.5% per month (or the maximum lawful rate) on all overdue amounts.

8.  Section 7.3 provides that, if Defendant materially breaches the Agreement, Defendant "will pay the remaining Service Fees that would have become payable during the remainder of the Term."

**Plaintiff's Full Performance.**

9.  Promptly after execution, AudienceView devoted substantial resources to configuring, building, and completing Defendant's dedicated ticketing environment. As of April 22, 2025, the system was fully built, tested, and ready to "go live" exclusively for Defendant's use. Plaintiff has therefore performed, or stood ready and willing to perform, all its obligations under the Agreement.

**Defendant's Defaults.**

10. Between approximately January 2024 and January 2025, AudienceView rendered invoices totaling $84,227.99, reflecting initial quarterly subscription installments, training, and related fees.

11. Defendant failed to pay any of these invoices, all of which are now long past due.

12. On March 5, 2025, Plaintiff sent Defendant a written "Notice of Breach of Payment" (the "Breach Notice") demanding cure within thirty (30) days and reminding Defendant of its continuing obligation to pay future invoices for the six-year term.

13. Defendant ignored the Breach Notice and ceased communications with Plaintiff.

14. On April 22, 2025, Plaintiff—through counsel—served a final written demand letter.

15. Defendant failed to cure or meaningfully respond to the demand letter.

**Damages.**

16. As a direct and proximate result of Defendant's material breaches and repudiation: Defendant owes at least $111,727,99 in undisputed, overdue invoices; is liable for the accelerated balance of Service Fees due for the remainder of the six-year term, totaling not less than $660,000 (calculated as six annual subscription fees of $110,000 each, offset by any amounts previously invoiced); and is liable for contractual late-payment interest at 1.5% per month (or the maximum lawful rate) from each invoice's due date through the date of judgment.

## COUNT I – BREACH OF CONTRACT

17. Plaintiff realleges paragraphs 1–16 as if fully set forth herein.

18. The Agreement is a valid, binding contract, supported by adequate consideration.

4

19. Plaintiff fully performed or stood ready, willing, and able to perform its obligations.

20. Defendant materially breached the Agreement by failing to pay invoiced Service Fees and by repudiating its exclusive-use and payment obligations.

21. Plaintiff has suffered damages in an amount to be determined at trial but not less than $660,000, plus interest, fees, and costs.

## COUNT II – ACCOUNT STATED

22. Plaintiff realleges paragraphs 1–16 as if fully set forth herein..

23. Plaintiff rendered detailed invoices to Defendant that stated the amounts due and owing.

24. Defendant received the invoices and did not object within a reasonable time.

25. An account stated was thereby established in the amount of $111,727,99, which Defendant has refused to pay.

## COUNT III – UNJUST ENRICHMENT

26. Plaintiff realleges paragraphs1–16 as if fully set forth herein.

27. To the extent the Agreement is deemed unenforceable for any reason (which Plaintiff disputes), Defendant has been enriched by receiving the benefit of Plaintiff's implementation services, proprietary software configuration, and reserved capacity without payment.

28. Equity and good conscience demand restitution to Plaintiff in an amount to be proven at trial, but not less than the value of services conferred ($660,000).

**Jury Demand.**

29.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. Awarding compensatory damages in an amount to be determined at trial but not less than six hundred sixty thousand dollars ($660,000), plus all accrued and accruing Service Fees through the date of judgment;

B. Awarding contractual late-payment interest at the rate of 1.5% per month (or the maximum lawful rate) from each invoice's due date until paid;

C. Awarding prejudgment and post-judgment interest as permitted by law; and

D. Granting such other and further relief as the Court deems just and proper.

Date: August 13, 2025          Respectfully submitted,

/s/ Susan M. Sajadi
Susan M. Sajadi
NY Attorney Reg. # 4438461
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, DC 20006
Telephone: (917) 238-0990
ssajadi@potomaclaw.com