**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

AUDIENCEVIEW TICKETING
CORPORATION,
*Plaintiff*                                        Case No.: 1:25-cv-06696-RA

v.

TICKET CENTER, INC. dba TICKET
CENTER OF PUERTO RICO
*Defendant*

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff AudienceView Ticketing Corporation ("AudienceView") responds to the

Counterclaim of Ticket Center, Inc. d/b/a Ticket Center of Puerto Rico ("TCPR") solely as to

Paragraphs 29 through 43, as follows. To the extent not expressly admitted herein, the allegations

contained in Paragraphs 29 through 43 are denied.

AudienceView denies any allegation of wrongdoing, breach, or liability, and denies that

TCPR is entitled to any damages, restitution, refund, or other relief. AudienceView further denies

that TCPR suffered any damages caused by AudienceView.

**Paragraph 29:** AudienceView admits that on or about January 9, 2024, the parties

executed Order Form No. 00030483, dated December 18, 2023, and that the Order Form relates

to AudienceView's "AudienceView Unlimited" ticketing solution and "Spotlight" mobile

application. AudienceView denies that it "promised a working solution" in the generalized

manner alleged and refers to the Order Form and incorporated terms for their complete and

accurate contents, which speak for themselves. Any remaining allegations in Paragraph 29 are

denied.

1

**Paragraph 30:** AudienceView admits that the Order Form incorporates by reference AudienceView's Terms and Conditions via hyperlink. AudienceView denies TCPR's characterizations of the Terms and Conditions and refers to the Terms and Conditions for their complete and accurate contents, which speak for themselves.

**Paragraph 31:** Denied. AudienceView denies that any system delivered to TCPR was "fundamentally flawed" or "incapable of processing any ticket sales," and denies any failure to provide a functional cloud-based solution or mobile application.

**Paragraph 32:** Denied. AudienceView denies that "from January 9, 2024 through the date of this counterclaim" it never intended to go live with the AudienceView Unlimited platform or Spotlight mobile application.

**Paragraph 33:** AudienceView lacks knowledge or information sufficient to form a belief as to TCPR's internal characterization of its reliance and therefore denies the same; AudienceView admits that TCPR remitted certain subscription fee payments toward the amounts contemplated under the Order Form but denies TCPR's characterization, the amount to the extent inconsistent with the Order Form and account records, and any implication of breach or liability.

**Paragraph 34:** Denied. AudienceView denies any "total failure of consideration," denies any "complete failure" of system performance, and denies any material breach of the Order Form.

**Paragraph 35:** Denied. AudienceView denies TCPR's construction of Section 7.3 or any entitlement to a "pro-rata refund" of prepaid Service Fees under the circumstances alleged, and refers to the operative Terms and Conditions for their complete and accurate text, which speak for themselves. AudienceView further denies that it failed to return any amounts properly due.

**Paragraph 36:** Denied. AudienceView denies that it materially breached the Order Form or failed to deliver a ticketing solution capable of performing basic functions.

**Paragraph 37:** Denied. AudienceView denies that TCPR suffered the alleged categories of damages and denies causation, amount, and recoverability, including but not limited to any claim for restitution of subscription fees, lost revenues, reputational harm, or cover damages.

**Paragraph 38:** Denied. AudienceView denies that it materially breached the Order Form, denies any failure to return any "pro-rata share," and denies the characterization of the $68,860 or any portion thereof as "unused" or refundable under the governing contract.

**Paragraph 39:** With respect to TCPR's incorporation by reference, AudienceView repeats and realleges its responses to Paragraphs 29 through 38 as though fully set forth herein.

**Paragraph 40:** AudienceView admits that the Order Form is a binding contract between AudienceView and TCPR. AudienceView denies any implication inconsistent with its denials herein.

**Paragraph 41:** AudienceView admits only that TCPR made certain payments toward amounts contemplated by the Order Form; AudienceView denies any implication that TCPR fully performed all obligations under the Order Form and denies any implication of AudienceView's breach or liability.

**Paragraph 42:** Denied. AudienceView denies any material breach of the Order Form and denies that it failed to deliver a ticketing solution capable of performing the basic function of selling tickets.

**Paragraph 43:** Denied. AudienceView denies any failure to return any "pro rata share," and denies the characterization of the $68,860 or any portion thereof as "unused" or refundable under the governing contract. AudienceView denies that TCPR has suffered any damages.

## Affirmative Defenses

Without assuming any burden that would otherwise rest on TCPR, and expressly reserving the right to amend, AudienceView asserts the following affirmative defenses to the Counterclaim:

1. **Failure to provide notice and opportunity to cure.** TCPR failed to provide notice of any alleged breach and to allow AudienceView an opportunity to cure within an appropriate cure period.

2. **Material breach by TCPR/prior breach.** TCPR's own material breaches and/or prior breaches of the Order Form excuse any further performance by AudienceView and bar TCPR's recovery.

3. **Failure to perform/cooperate.** TCPR failed to perform its obligations and to provide the cooperation, resources, access, content, approvals, integrations, and third-party arrangements necessary for performance, which defeats or reduces its claims.

4. **Mitigation.** TCPR failed to take reasonable steps to mitigate its alleged damages, which bars or reduces any recovery.

5. **Reservation of additional defenses.** AudienceView reserves the right to assert additional defenses, including affirmative defenses, as they become known through discovery.

**Prayer for Relief**: AudienceView denies that TCPR is entitled to any of the relief sought in the Counterclaim, including damages, restitution, refunds, interest, declaratory relief, fees, costs, or any other relief whatsoever, and respectfully requests that the Court dismiss the Counterclaim with prejudice and award AudienceView its costs and such other relief as the Court deems just and proper.

**Reservation of Rights:** AudienceView reserves all rights to assert additional defenses, affirmative defenses, and counterclaims as may be warranted based on facts learned in discovery or otherwise.

WHEREFORE, Plaintiff respectfully requests that the Court:

a) dismiss the Counterclaim with prejudice;

b) enter judgment in Plaintiff's favor on the Counterclaim;

c) award Plaintiff its costs and reasonable attorneys' fees to the extent permitted by law or contract; and

d) grant such other and further relief as the Court deems just and proper.

Date: December 22, 2025                    Respectfully submitted,

*/s/ Susan M. Sajadi*
Susan M. Sajadi
         NY Attorney Reg # 4438461
Christopher L. Meazell
         (*pro hac vice* forthcoming)
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, DC 20006
Telephone: (917) 238-0990
ssajadi@potomaclaw.com
cmeazell@potomaclaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 22, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system and all counsel of record who have appeared in this case on behalf of the parties will receive the Court's notification of electronic filing.

<u>*/s/ Susan M. Sajadi*            </u>
Susan M. Sajadi, Esq.